### SUSANNA J. GOTT and JOHN F. WILSON *vs.* ANN CARR.— *December,* 1834.

If a defendant having the means of defence in his power, in an action against him in a competent tribunal, neglects to use them, and suffers a recovery to be had against him, he is precluded from obtaining relief in Chancery in relation to the same matter.

The cases in which Chancery furnishes relief against recoveries suffered to be had at law, are exceptions to the preceding rule.

A court of equity will not relieve against a recovery, in a trial at law, unless the justice of the verdict can be impeached by facts, or on grounds, of which the party seeking the aid in Chancery, could not have availed himself at law, or was prevented from doing it by fraud or accident, or the act of the opposite party unmixed with any negligence or fault on his own part. And it will only sustain a bill invoking its aid, upon some new matter of equity not arising in the former case, or seeking some relief to which the powers of the court of law were not fully adequate.

Chancery will not relieve after a recovery at law, upon testimony which with due care and diligence the party might have procured, or had the benefit of upon the trial at law, nor upon the ground that a witness was guilty of perjury.

Under the act of 1791, *ch.* 68, *sec.* 4, upon the trial of appeals from the judgments of magistrates, the county courts do not act purely as courts of law, but according to the equity and right of the matter, and hence will inquire into the want of consideration in a single bill, if that be insisted upon as a defence to a suit originating before a justice of the peace.

The county courts have concurrent jurisdiction with Chancery in questions of fraud.

A new trial will not be granted merely for the purpose of giving to a party the opportunity of impeaching the testimony of a witness.

A suitor in court is bound to be present in court in person or by attorney, to take care of his rights, and attend to their due prosecution, and cannot make the omission to perform this duty, of itself, the foundation of an injunction.

APPEAL from the court of Chancery.

The appellee on the 20th of November, 1830, exhibited her bill in the court of Chancery, against the present appellants, asking to be relieved by injunction, from the operation of three judgments in favor of the appellant *Gott,* rendered by *Anne Arundel* county court, upon appeals from the judgments of a justice of the peace.

The circumstances upon which the opinion of this court turned, are sufficiently stated in the opinion delivered by his honor the chief judge.

*Bland,* Chancellor, at March term, 1833, perpetuated the injunction, and decreed the appellee her costs, upon the ground, that the single bills, on which the judgments were rendered against her, were fraudulently obtained, and that she could in no way so effectually avoid being made the victim of the fraud, as by seeking protection in a court of equity. From this decree the defendants appealed to the court of Appeals.

The cause came on to be argued before BUCHANAN, Ch. J., and STEPHEN, and CHAMBERS, J's.

*Pinckney,* for the appellants, contended.

1. That there is no case disclosed in the bill, to authorize the granting of an injunction to stay proceedings on the judgments mentioned in the bill. The grounds relied upon would have constituted a defence at law, and it was the duty of the appellee to have urged them in the county court. The witness upon whose testimony the cases are alleged to have been defeated before the magistrate, does not appear to have been summoned, nor is any sufficient reason assigned for the absence of the appellee when the trials were had in the county court. If she had been present in person, or by an agent or attorney, and due diligence had been employed to procure the attendance of the witness, the cases might have been continued by affidavit, and his evidence procured at a subsequent period. When a party has a good defence at law, and omits to make it, he cannot afterwards upon the same ground have relief in equity. 1 *Johns. Ch. R.* 320, 432, 98. 3 *Ib.* 356. 7 *Cranch.* 336. 1 *Johns. Cas.* 346. 1 *Harr. and Johns.* 398. 2 *Harr. and Johns.* 179, 487. 3 *Ib.* 568.

2. If the answer of the plaintiff at law was necessary to render the defence available there, a bill for a discovery

should have been filed preparatory to the trial. *3 Johns. Ch. R.* 355. 1 *Vernon,* 176.

3. There is not sufficient proof to establish the fraud, if that question should be examinable.

*Randall,* for the appellee.

1. The judgments enjoined by the Chancellor, were not rendered upon proceedings originating in the county court, but on appeals from a magistrate's decision, which according to the practice, are all tried on the same day, and confusedly. Parties to such cases have not the same notice as in cases regularly and ordinarily on the county court docket; nor are the proceedings characterized with the same regularity and precision. The complainant could not have anticipated that *Wilson,* charged to be interested, would be offered as a witness; nor could she have foreknown the necessity of appealing to the conscience of the appellants. There is no proof in this case, that the appellee had an opportunity of defending herself at law, upon the grounds of relief relied upon here; and although the answer details those circumstances, it does not set them up as constituting a bar to equitable relief, without which the objection cannot be made. 1 *Harr. and Gill,* 220. 4 *Gill and Johns.* 438. 2 *Ib.* 14. 2 *Johns. Ch. R.* 339. 14 *Ves.* 214.

2. But the rule, that a party shall not be relieved in equity upon grounds of which he might have availed himself in the court of law, is not universal, and inflexible. *West and Beans,* 3 *Harr. and Johns.* 568. 2 *Johns. Ch. R.* 512. 6 *Ib.* 479. 2 *Pr. Wms.* 424. 2 *Ves. Jr.* 135. 12 *Ves.* 219.

3. The proof of fraud and unfair dealing, in obtaining the single bills from the appellee is abundant, and fully justifies the decree of the Chancellor, if the examination of it is not precluded by the judgments of the county court.

Buchanan, Ch. J., delivered the opinion of the court. The questions presented for the consideration of the

court, are.  1st.  Do the judgments at law in favor of the
appellant, *Susanna J. Gott,* bar the defendant from main-
taining this suit?  2nd.  If they do not, is the defendant, upon
the case made by the bill and answers, and the proof taken
in the cause, entitled to a perpetual injunction of those
judgments?

1. As to the preliminary question.  It is a salutary prin-
ciple of law, that every person is bound to take care of and
protect his own rights and interests and to vindicate them
in due season, and in the proper place.  And that if a de-
fendant having the means of defence in his power in an ac-
tion against him, in a competent tribunal, neglects to use
them, and suffers a recovery to be had against him, he is
forever precluded from obtaining relief in Chancery, in re-
lation to the same matter.  The application of this princi-
ple may not be universal; but the cases in which Chancery
will furnish relief against recoveries suffered to be had at
law, are exceptions.  The well settled general rule being,
that a court of equity will not relieve against a recovery in
a trial at law, unless the justice of the verdict can be im-
peached by facts, or on grounds, of which the party seeking
the aid of Chancery, could not have availed himself at law,
or was prevented from doing it by fraud or accident, or the
act of the opposite party, unmixed, with any negligence or
fault on his own part.

And Chancery will only sustain a bill invoking its aid,
upon some new matter of equity, not arising in the former
case; or seeking some relief, to which the powers of the
court of law were not fully adequate.

It is a sound and useful rule in the administration of jus-
tice, for the prevention of negligence, and harrassing and
protracted litigation, and the consequent burdensome accu-
mulation of costs.  A material departure from, or relaxa-
tion of which, would prove vexatious in practice, and
be felt as a public grievance, by the great delays, and
sometimes abuse of justice, to which it would lead.  The
effect might often be, to prevent the prosecution of a

just claim, by an injured and oppressed party, for the want of adequate means to pursue it through a protracted litigation, with a more fortunate adversary, whose object was delay, when the unavoidable expenses of the controversy would sometimes exceed the amount in dispute; and when, although he should ultimately succeed, his success might in effect prove a loss, or come too late to be of much service. Applying then, that rule to this case, which we think is clearly within it, it appears to us, that whatever may in truth be its abstract merits, it is not a case for the interposition of Chancery, and that the injunction ought not to have been granted, or being granted, should not have been perpetuated.

The suits at law were originally before a justice of the peace, on warrants issued upon three notes given by the appellee, on which judgments were rendered against the present appellant, *Susanna J. Gott,* (then plaintiff) from which judgments she appealed to the county court, where the judgments were reversed, and judgments given, under the provisions of the act of Assembly, for the appellant for the amount claimed. Whereupon, this bill was filed for an injunction to prevent execution upon those judgments, which was granted, and finally perpetuated by the Chancellor. The grounds of relief alleged in the bill, are threats and fraud in procuring the notes by the agent of the appellant, *Susanna J. Gott,* and that the judgments rendered in the county court, were given in consequence of the absence, by sickness, of a witness, on whose testimony the judgments by the magistrate were given, and that want of the necessary affidavit for the continuance of the cases occasioned by the absence of the appellee, for which no sufficient reason is assigned; in consequence, also, of her alleged inability, to prove in a court of law the want of consideration for the notes, they being under seal, and that the judgments of the court were founded upon the testimony of *John F. Wilson,* who is stated to have been interested in the event of the suits, but

who does not appear to have had the slightest interest. And all fraud is denied in the answer.

As to the alleged absence of a witness, it is a settled doctrine, that Chancery will not relieve after a recovery at law, upon testimony, which with due care and diligence the party might have procured, and had the benefit of upon the trial at law. Here it is evident, that the appellee did not use due diligence, or such means as were in her power, to establish the threats and fraud, which are alleged as a ground of the relief she seeks.

The testimony that is now produced, it was equally in her power, then, as now, to have had the benefit of, with proper efforts to obtain it, for any thing appearing to the contrary.

The material witness stated to have been absent by sickness, was known to her to be such. Indeed it is alleged in the bill, that the judgments by the magistrate were founded upon her testimony. No reasonable and proper endeavors were made to procure her evidence; it does not appear, that a *subpœna* had been issued for her, or that an affidavit had been made for the continuance of the cases for the want of her testimony, or any other effort to obtain a continuance. If proper steps had been taken to procure the attendance of the witness, and obtain her testimony, accompanied by the necessary affidavit for that purpose, the cases might have been continued, and the benefit of the testimony of that witness secured. Her own absence from the court when the cases were tried, is no sufficient excuse; but was of itself an act of negligence. She should have been present in person, or agent, or by her attorney, to take care of her rights, and cause the proper defence to have been made, or the necessary steps taken to procure the benefit of the very testimony she now relies upon to sustain the allegation of fraud, and of which she had full knowledge at the time. As to the allegation of inability to prove in a court of law, the want of consideration for the notes, the only evidence now relied upon to prove the want of consideration, is that

which is now insisted upon to sustain the allegation of fraud in obtaining the notes, and which, if it had been offered at the trials in the county court, must have been received. The county courts having concurrent jurisdiction with Chancery, in questions of fraud. And being moreover required by the act of 1791, *ch.* 68, *sec.* 4, in cases of appeal from the judgments of magistrates, "*to determine according to the law of the land, and the equity and right of the matter, upon the petition of the appellant, and the proof of both parties,*" and therefore not acting in such cases purely as courts of law.

With respect to the other allegation, that the judgments of the county court were rendered upon the testimony of *John F. Wilson,* who is stated to have been interested in the event of the suits, (but who, as before observed, does not appear to have had any interest,) if the object be to fix upon him the imputation of perjury as a ground of relief, it is a purpose, for the accomplishment of which, Chancery will not lend its aid.

The appellee should not have gone to trial unprepared.

It is a general rule at law, that a new trial is not to be granted merely for the purpose of giving to a party the opportunity of impeaching the testimony of a witness; and Chancery acting upon that principle, will not interfere after a recovery suffered at law, to give relief on that ground. And no fraud in obtaining the judgments is alleged, or attempted to be proved. This view of the subject puts an end to the cause. It is not necessary, therefore, to inquire, what would be the effect of the proof taken, if it was a case proper for the interposition of Chancery.

**DECREE REVERSED, AND BILL DISMISSED WITH COSTS.**