(Decided 13th June, 1877.) .

---

JOHN T. HILL *vs.* CHARLES T. REIFSNIDER, and THEODORE L. FRITCHEY and WILLIAM B. THOMAS.

*Nature of proof required to set aside or interfere with a judgment on the ground of fraud—Adequate defence at law—Fraud, surprise or mistake—Correction of a judgment affected with usury.*

Fraud is never presumed, and to justify a Court of equity in setting aside or in any manner interfering with a judgment on this ground, the fraud must be clearly and conclusively established.

The burden of proof is on the complainant to prove his case as it is alleged by the bill, and circumstances of mere suspicion will not warrant the conclusion of fraud.

A Court of equity will not restrain the execution of a judgment, unless it shall appear, that the complainant had a valid defence of which he could not have availed himself at law, or of which he might have availed himself, but was prevented by mistake, surprise or fraud unmixed with any fault or negligence of his own.

On a bill filed to restrain the execution of a judgment on the ground of fraud, it was HELD:

1st. That the complainant had not made out a case entitling him to have the judgment set aside.

2nd. That inasmuch as there appeared to have been usurious charges against him in the transactions between him and the defendants, he was entitled to have the judgment reduced to the sum found to be due by charging him with the net amount loaned him, and the average interest thereon, and allowing him for the amount of credits to which he was entitled, including bonus and interest on bonus.

3rd. That although it was quite probable that this method did not ascertain the precise amount of usury paid by the complainant, yet no more could be allowed him, as there was no proof in the record to justify the Court in allowing any more, owing to the defective manner in which the complainant had kept his accounts, and his own forgetfulness of matters material to their elucidation.

APPEAL from the Circuit Court for Carroll County, in Equity.

The original bill in this case was filed by the appellant, John T. Hill against Charles T. Reifsnider, for an injunction to restrain the executor of a judgment confessed by the former in favor of the latter, and by him subsequently assigned to the appellees, Fritchey & Thomas. It having been decided by this Court (*Hill vs. Reifsnider*, 39 *Md.*, 429,) that Fritchey & Thomas were necessary parties. An amended bill was filed making them parties, and calling on them for a discovery under oath of the transactions between themselves and the complainant.

A great mass of documentary and oral testimony was taken in the case, the nature of which is sufficiently stated in the opinion of the Court.

The exhibits Nos. 26 and 27 referred to in the opinion of the Court are as follows:

*Exhibit F. & T. No.* 26.

John T. Hill,

|  |  | CR. |
|---|---|---|
| In acc. with T. L. Fritchey & Co., | | |
| Feby. 12th, 1869. Bonus on $400 for 60 days... $ | 24 | 00 |
| Int. for 3 years and 6 mos. and 8 days,...................... | 5 | 07 |
| June 24th, 1869. Extension charged on $400 | 24 | 00 |
| July 20th, 1869. Extension and bonus ⅖.... | 30 | 00 |
| Int. for 3 years and 1 mo.. | 5 | 55 |
| Aug. 26th, 1869. By cash.......................... | 150 | 00 |
| Int. for 2 years, 11 mos. and 24 days.................... | 26 | 85 |
| Nov. 25th, 1869. Extension on $400, and bal. $80 .............................. | 47 | 31 |
| Int. for 2 years, 8 mos. and 25 days........................ | 7 | 71 |
| April 5th, 1870. Do. ...................... | 2,746 | 80 |
| Int. for 2 years, 4 mos. and 15 days.......... ................ | 391 | 45 |
| 12th, 1870. Bonus on $500 for 90 days | 45 | 00 |
| Int. for 2 years, 4 mos., 8 days.............................. | 6 | 36 |
| June 27th, 1870. Bonus on $350 for 60 days. | 21 | 00 |
| Int. for 2 years, 1 mo. and 24 days........................ | 2 | 71 |
| August 6th, 1870. Extension and bonus....... | 34 | 50 |
| Int. for 2 years and 14 days | 4 | 28 |
| Oct. 8th, 1870. Bonus on $50 note.......... | 1 | 00 |
| Int. for 1 year, 10 mos. and 12 days....................... | | 11 |
| Oct. 27th, 1870. By funding and bonus...... | 1,109 | 70 |
| Int. for 1 year, 9 mos. and 24 days........................ | 120 | 99 |

Amount carried forward.........$4,804 39

|  |  |  |
|---|---|---|
| Amount brought forward.........$4,804 | | 39 |
| Nov. 29th, 1870. Bonus charged on $265.90. | 15 | 90 |
| Int. for 1 year, 8 mos. and 22 days........................ | 1 | 66 |
| Mch. 14th, 1871. Funding and bonus......... | 400 | 60 |
| Int. 1 year, 5 mos. and 6 days........................... | 34 | 49 |
| Mch. 31st, 1871. Bonus........................... | 73 | 00 |
| Int. for 1 year, 4 mos. and 20 days....................... | 6 | 08 |
| April 11th, 1871. Bonus on notes $327......... | 27 | 00 |
| Int. for 1 year, 4 mos. and 9 days......................... | 2 | 20 |
| Sep. 8th, 1871.　　Do. ...................... | 4,948 | 87 |
| Int. for 11 mos. and 12 days | 282 | 10 |
| Jan. 27th, 1872. Order and dict............... | 52 | 47 |
| Int. for 6 mos. and 24 days | 1 | 77 |
| Mch. 19th, 1872. Funding and discounts.... | 5,563 | 11 |
| Int. for 5 mos. and 1 day. | 140 | 01 |
| April 8th, 1872. Discounts　$1,000　for　10 days............................ | 10 | 00 |
| Int. for 4 mos. and 12 days | | 22 |
| June 1st, 1872. Discount on $251.25......... | 1 | 25 |
| Int. for 2 mos. and 19 days | | 01 |
| ($16,369.67.) | $16,369 | 67 |

Hill *vs.* Reifsnider, *et al.*

*Exhibit F. & T., No. 27.*

| DATE. | GROSS AMT. | NET AMT. | INT. ON NET. | BONUS. | INT. ON BONUS. | TIME ON WHICH INT. WAS CALCULATED. |
|---|---|---|---|---|---|---|
| Feby. 12, 1869, | 400 00 | 376 00 | 79 46 | 24 00 | 5 07 | 3 years, 6 mos. and 8 days. |
| July 20, 1869, | 230 00 | 224 00 | 41 48 | 6 00 | 1 11 | 3 years, 6 mos. and 31 days. |
| Apl. 5, 1870, | 250 00 | | | | | |
| 5, 1870, | 2,000 00 | 2,250 00 | 320 63 | 6 00 | 1 11 | 2 years, 4 mos. and 15 days. |
| 12, 1870, | 500 00 | 455 00 | 64 31 | 45 00 | 6 36 | 2 years, 4 mos. and 8 days. |
| June 27, 1870, | 350 00 | 329 00 | 42 45 | 21 00 | 2 70 | 2 years, 1 mo. and 24 days. |
| Aug. 6, 1870, | 150 00 | 145 50 | 17 74 | 4 50 | 61 | 2 years and 14 days. |
| Oct. 8, 1870, | 51 00 | 50 00 | 5 60 | 1 00 | 11 | 1 year, 10 mo. and 12 days. |
| 27, 1870, | 109 70 | 103 50 | 11 34 | 6 20 | 65 | 1 year, 9 mo. and 24 days. |
| Nov. 29, 1870, | 265 90 | 250 00 | 25 92 | 15 90 | 1 66 | 1 year, 8 mo. 22 days. |
| Mch. 14, 1870, | 660 00 | 642 75 | 55 19 | 17 25 | 1 47 | 1 year, 5 mo. and 6 days. |
| 31, 1870, | 1,000 00 | 940 00 | 78 33 | 60 00 | 5 00 | 1 year, 4 mo. and 20 days. |
| 31, 1870, | 453 18 | 440 18 | 36 67 | 13 00 | 1 08 | 1 year, 4 mo. and 20 days. |
| Apl. 11, 1871, | 327 00 | 330 00 | 24 45 | 27 00 | 2 20 | 1 year, 4 mo. and 9 days. |
| Sept. 8, 1871, | 2,000 00 | 1,750 00 | 99 75 | 250 00 | 14 25 | 11 mo. and 12 days. |
| 8, 1871, | 3,982 52 | 3,938 35 | 224 55 | 44 17 | 2 51 | 11 mo. and 12 days. |
| 28, 1871, | 90 00 | 87 00 | 4 69 | 3 00 | 16 | 10 mo. and 23 days. |
| Oct. 9, 1871, | 15 00 | 15 00 | 78 | | | 10 mo. and 11 days. |
| 14, 1871, | 20 00 | 20 00 | 1 02 | | | 10 mo. and 6 days. |

Hill *vs.* Reifsnider, *et al.*

*Exhibit F. & T., No. 27.—Continued.*

| DATE. | GROSS AMT. | NET AMT. | INT. ON NET. | BONUS. | INT. ON BONUS. | TIME ON WHICH INT. WAS CALCULATED. |
|---|---|---|---|---|---|---|
| Nov. 13, 1871, | 230 30 | 230 30 | 10 62 | | | 9 mo. and 7 days. |
| 20, 1871, | 200 30 | 200 30 | 9 00 | | | 9 mo. |
| Dec. 6, 1871, | 13 00 | 13 00 | 54 | | | 8 mo. and 14 days. |
| Jan. 25, 1872, | 43 85 | 43 85 | 1 50 | | | 6 mo. and 25 days. |
| 27, 1872, | 152 57 | 143 95 | 4 90 | 8 62 | 30 | 6 mo. and 24 days. |
| Feby. 2, 1872, | 15 35 | 15 35 | 50 | | | 6 mo. and 18 days. |
| 27, 1872, | 400 00 | 400 00 | .11 60 | | | 5 mo. and 24 days. |
| Mch. 8, 1872, | 142 00 | 142 00 | 3 83 | | | 5 mo. and 12 days. |
| 18, 1872, | 116 56 | 116 56 | 2 97 | | | 5 mo. and 2 days. |
| 19, 1872, | 100 00 | 100 00 | 2 52 | | | 5 mo. and 1 day. |
| 19, 1872, | 6,466 31 | 6,400 48 | 161 07 | 65 83 | 1 66 | 4 mo. and 12 days. |
| Apl. 8, 1872, | 1,000 00 | 990 00 | 21 78 | 10 00 | 22 | 4 mo. and 12 days. |
| 22, 1872, | 24 00 | 24 00 | 47 | | | 3 mo. and 28 days. |
| May 6, 1872, | 10 00 | 10 00 | 17 | | | 3 mo. and 14 days. |
| June 1, 1872, | 251 25 | 250 00 | 3 29 | 1 25 | 01 | 2 mo. and 19 days. |
| 18, 1872, | 264 70 | 264 70 | 2 74 | | | 2 mo. and 2 days. |
| | $22,284 49 | $21,660 77 | $1,371 84 | $623 72 | $47 13 | |

The Court below, (MILLER, HAMMOND and HAYDEN, J.,) decreed, "that the injunctionh eretofore granted in this case, be, and the same is hereby made perpetual in so far as to restrain execution of the judgment therein mentioned, to the extent of one thousand three hundred and thirty-seven dollars and six cents, ($1337.06,) and the same is hereby dissolved, in so far as it restrains execution of said judgment to the extent of six thousand six hundred and sixty-two dollars and ninety-four cents, ($6662.94,) with interest thereon from the date of said judgment.

" And it is further adjudged, ordered and decreed, that the costs of this case, to be taxed by the clerk, be paid one-half by the complainant and the other half by the defendants, Fritchey & Thomas."

From this decree the complainant appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and ROBINSON, J.

*Charles Marshall*, for the appellant.

*Wm. M. Merrick*, for the appellees.

ROBINSON, J.. delivered the opinion of the Court.

In this case the appellant seeks to restrain the execution of a judgment on the ground of fraud, and also prays for a discovery on oath as to the dealings between Fritchey & Thomas and himself prior to and up to the rendition of the judgment.

There seemed to be no difficulty whatever as to the right of the complainant to the relief prayed, provided the proof was sufficient to sustain the allegations in the bill. But fraud is never presumed, and to justify a Court of equity in setting aside, or in any manner interfering with a judgment on this ground, the fraud must be clearly and conclusively established. The burden of the proof is upon

the complainant to prove his case as it is alleged by the bill, and circumstances of mere suspicion will not warrant the conclusion of fraud. In this case the proof on the part of the complainant rests mainly on his own testimony, and this is flatly contradicted in every essential particular by that of the respondents.

The undisputed facts show there had been moneyed transactions between the complainant and Fritchey & Thomas, extending over a period of several years, and amounting in the aggregate to over twenty thousand dollars, and that upon an adjustment of accounts between them, the complainant executed a promissory note in their favor for eight thousand dollars.

On the same day Reifsnider, according to the testimony of the respondents, at the request of Fritchey & Thomas, and for their accommodation, agreed to loan to them eight thousand dollars, provided the complainant would execute a note to him, Reifsnider, for that amount, with power of attorney to confess a judgment thereon with a stay of thirty days. In pursuance of this agreement the note of the complainant to Fritchey & Thomas was surrendered, and a note to Reifsnider substituted in its place, and it is the execution of the judgment confessed on this note that the complainant now seeks to restrain. We find no proof in this record to satisfy our minds that either the notes or judgment was obtained by fraud. On the contrary, the weight of testimony shows that the complainant was largely indebted to Fritchey & Thomas, the precise amount of which we shall have occasion hereafter to consider, and however suspicious some of the circumstances surrounding the transaction may appear, yet they are not sufficient to justify the conclusion that the intervention of Reifsnider was a fraudulent device on the part of the respondents for the purpose of covering up and concealing the illegal and usurious charges of Fritchey & Thomas. So far, then, as Reifsnider is concerned, he must be regarded as the *bona*

*fide* holder of the judgment, which he subsequently assigned to Fritchey & Thomas.

The complainant having failed to make out a case to justify this Court in setting aside the judgment on the ground that it was obtained by fraud, the question is what relief, if any, is he entitled to? And here we are met by the well settled law of this State, that a Court of equity will not restrain the execution of a judgment unless it shall appear that the complainant had a valid defence of which he could not have availed himself at law, or of which he might have availed himself, but was prevented by mistake, surprise, or fraud, unmixed with any fault or negligence of his own. *Gott vs. Carr,* 6 *G. & J.,* 309; *Prather vs. Prather,* 11 *G. & J.,* 110; *Kearney vs. Sascer, et al.,* 37 *Md.,* 279.

Now, the proof entirely fails to bring this case within these well established rules of law. The testimony of the complainant in regard to what occurred at the time of the execution of the note to Reifsnider is contradicted in every particular by the testimony of the respondents, and although he is now seeking the aid of a Court of equity to restrain the execution of a judgment voluntarily confessed, he has failed to show that, exclusive of charges for usurious interest, he had any other defence to make. He seems to have kept no account, and made no memoranda of the transaction he now assails. In the language of the learned Judge, "he displays in his testimony an ignorance or want of recollection of important matters about which he ought not to have been ignorant, and which he ought to have borne in memory if he expected success in thus invoking the aid of a Court of equity."

The only relief, then, to which the complainant is entitled is an allowance for the excessive and usurious rates of interest charged by Fritchey & Thomas and which made up in part the eight thousand dollars claimed to be due to them. And in endeavoring to ascertain the precise amount

to which the complainant is entitled in this respect, we have encountered the same difficulties which the Judge below, the counsel for the appellant, and, in fact, every one connected with this case, have experienced. The complainant has failed to furnish us with any satisfactory data from which it could be ascertained, and we have been left to find it as best we may from the confused and complicated dealings and transactions between the parties.

It was contended, however, that exhibits Nos. 26 and 27, which. Fritchey & Thomas admitted contained a correct statement of the dealings between the parties, prove that the complainant is entitled to $1371.84 in addition to amount allowed to him by the decree below.

But in reaching this result, the counsel for the appellant credits Fritchey & Thomas only with the nett amount which they admit was loaned to complainant, namely, the sum of $21,660.77, whereas they were undoubtedly entitled to the average interest on this indebtedness, making, in addition thereto, $1371.84, and the total indebtedness of the complainant, $23,032.61. Now, deduct from this the amount of credits to which he is entitled, according to exhibit No. 26, including bonus and interest on bonus, to wit, $16,369.67, and we have the sum of $6662.94, being the amount due Fritchey & Thomas on the 20th August, 1872. This, deducted from $8000, the amount for which the complainant gave his promissory note and confessed judgment thereon, and we have $1337.06, the precise amount allowed by the Judge below on account of usury. Now, it is quite probable that this sum does not represent the precise amount paid by the complainant, for the record shows that Fritchey & Thomas demanded no less than thirty-six per cent. per annum, but there is no proof in the record to justify us in allowing any more. If not enough, the complainant has no one to blame but himself.

*Decree affirmed.*

(Decided 13th June, 1877.)