(Decided 1st April, 1880.)

LAMBERT P. KIRBY, J. THOMAS KIRBY and BENJAMIN TAYLOR *vs.* ALEXIS A. PASCAULT, Adm'r d. b. n. c. t. a. of ELIZABETH KENNARD.

*Injunction to restrain Execution of a Judgment—New Evidence—Due Diligence.*

O. and wife mortgaged a tract of land to Mrs. K., who on default began proceedings to sell. After her death the land was sold by W., appointed trustee for that purpose. The proceeds of sale were paid to the said W., administrator of Mrs. K., and on W's death, judgment was obtained by the appellee for the amount against the

appellants, sureties on W's administration bond. After the judgment had been affirmed by this Court, the appellants applied for an injunction to restrain the appellee from issuing execution on his judgment, on the ground that they had discovered new evidence, based on the will of S. T. K., husband of Mrs. K., and a deed of the land from Mrs. K. under a power to her to sell, contained in the will, which land (afterwards sold by W., trustee,) O. and wife simultaneously mortgaged to Mrs. K., all of record; by which it appeared, they allege, that the proceeds of sale of the land should have been distributed to S. T. K's children, and not paid over to Mrs. K's administrator. HELD:

That the appellants were not entitled to the relief prayed, as they could have obtained this evidence with reasonable diligence at the trial of the case at law.

APPEAL from the Circuit Court for Talbot County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and IRVING, J.

*Philip F. Thomas* and *I. Nevett Steele,* for the appellants.

*Charles H. Gibson, George M. Russum* and *John H. Handy,* for the appellee.

BRENT, J., delivered the opinion of the Court.

In 1877 suit was instituted by the appellee against the appellants in this case to recover from them as surviving obligors upon the bond, which was given by Joseph V. B. Wright as administrator of Elizabeth Kennard. Wright, previous to his becoming administrator, had sold as trustee a tract of land which had been mortgaged to Mrs. Kennard by John Outram and wife. As trustee he received the proceeds of sale and having afterwards become

administrator, it was claimed that his administration bond was liable for the amount so received. This was the only contention in the case, it not being shown or claimed, that he had become possessed of any other assets of Mrs. Kennard. The trial resulted in a verdict and judgment for the plaintiff. The defendants, by an appeal, brought their case before this Court, where it was argued with marked zeal and ability. The principal point involved was, whether the fund in question had passed by operation of law from the hands of Wright as trustee to Wright as administrator. Wright had died without paying the money over to the parties entitled, and this present appellant had taken out letters of administration *de bonis non* for the purpose of recovering it from his sureties. This Court held that the amount claimed had passed by operation of law into the hands of the administrator, and affirmed the judgment which had been rendered by the Circuit Court. See 51 *Md.*, 383.

After the affirmance of the judgment, the defendants filed, in April, 1879, the present bill, praying that an injunction may issue to restrain and prohibit the plaintiff from proceeding by execution to realize any benefit from his judgment.

On the 24th of May, 1879, the Circuit Court for Talbot County, sitting in equity, refused the injunction; and from that refusal this appeal is taken.

The bill is a lengthy one, and enumerates the facts which were disclosed in the former case, with one variation, which we do not regard as important. In the record of that case it appeared, that the bill to foreclose the mortgage, out of which this controversy has grown, was filed by Philemon T. Kennard as executor of Mrs. Elizabeth Kennard, the mortgagee. While the fact is as disclosed in this proceeding, the bill to foreclose was filed in the name of Mrs. Kennard, and a decree of sale, in which Philemon T. Kennard is named as trustee, obtained dur-

ing her life-time. After her death, which occurred before a sale was effected, Philemon T. Kennard filed a petition as executor to be admitted as a party, and was so admitted by the Court, in his capacity of executor as party complainant in her place. The case then proceeded as stated in the former record. The facts disclosed in that case are concluded by the judgment in it, and it is not necessary to refer to them more particularly.

The main point presented by the bill is. the discovery of new evidence after the trial, and too late for a motion for a new trial under the rules of the Court.

The bill states that one of the attorneys of the complainants, who was engaged in the trial, by mere accident, and while in no way engaged in the pursuit of such information, and through whom the knowledge thereof has reached the complainants, discovered that the real estate mortgaged to Elizabeth Kennard, by Outram and wife for the security of the purchase money, was in law and in fact the property and estate of Samuel T. Kennard, late of Talbot County, the husband of Elizabeth Kennard. That by his will, recorded in the Orphans' Court of Talbot County, in October, 1845, he had left the real estate above referred to, with all his other property to his wife during her widowhood, and after its termination equally to his children, coupled, however, with a power to her to sell any of said property, and to invest the proceeds as she might think advisable. That she did sell the real estate named to John Outram by virtue of that power, and invested the proceeds in the mortgage in question; that after her death the sum so invested descended, under the will of Samuel T. Kennard to his children, and did not form any part of the estate of Elizabeth Kennard. Of these facts the complainants allege they were entirely ignorant, and being strangers to the proceedings in equity, under which the fund was distributed to Wright, as administrator of Mrs. Kennard, they cannot be bound thereby.

In the view we take as decisive of this case, the binding effect of the decree of the Circuit Court upon these complainants is a wholly unnecessary question to be considered.

Nor shall we undertake to decide whether, even in view of the facts now presented, the sum secured by the mortgage given to Mrs. Kennard did not necessarily pass through the hands of her administrator to be by him paid over to the children of Samuel T. Kennard. Upon this point there is a difference of opinion. But which ever view may be taken of this question, it will not affect the decision in the present case.

If the mortgage debt, notwithstanding the evidence now relied upon, was properly payable over to the administrator of Mrs. Kennard, the complainants have no ground for the relief they ask for in their bill.

But assuming that it was not, and that the fund should have been distributed directly to the children of Samuel T. Kennard, have the complainants presented such a case as authorizes a Court of equity to interfere with the judgment at law and by injunction restrain its collection?

The evidence, if it had been offered at the trial at law, would have been clearly admissible. The important question, as we have before stated, involved in that case, was whether the amount sued for had been transferred by operation of law from the trustee, Wright, to Wright as administrator of Mrs. Kennard. If he had no authority or claim to receive and hold it as administrator, there would have been an end of that controversy, and no judgment could have been recovered against these complainants as sureties upon the administration bond. If the parties with reasonable diligence could have obtained the evidence they have no standing now in a Court of equity. So the whole question now presented resolves itself into one of due diligence.

In 2 *Leading Cases in Equity,* (*White & Tudor,*) *2nd pt.,* 104, the rule is thus stated: "Nothing is better settled in

general terms than that a judgment will not be restrained by injunction, on grounds purely legal, unless a defence has been prevented at law by fraud on the one side, or ignorance unmixed with negligence on the other; and that where this is not the case, no degree of hardship or injustice, which can result from allowing the judgment to stand, will justify the intervention of equity to set it aside." In 3 *Green's Ch. Rep.*, 471, the Chancellor, after a lengthy review of the cases, reaches this conclusion: "If, therefore, it shall appear that facts exist which render it inequitable in the plaintiff at law to enforce his judgment, and that those facts could not avail the defendant, either by reason of the rigid rules of law or by fraud or accident, or by reason of their being unknown to him in time for that purpose, without any fraud, or negligence on his part, then the plaintiff must be restrained, otherwise not." In 9 *Alabama*, 123, the Court say: "A party who seeks the aid of a Court of Chancery, after a judgment at law against him, on the ground that he was ignorant of the defence, must show the exercise of ordinary diligence to discover it; or that he was prevented from employing such diligence by fraud, accident or the act of the opposite party, unmixed with fault or negligence on his part." And so in 1 *Smedes & Marshall*, 525: "It is not sufficient that the defendant did not know of the grounds of defence at the time of trial; it must appear that he could not have obtained such knowledge by the use of ordinary diligence." Authorities to the same effect could be cited almost without limit from the cases in the several States.

In *Gott & Wilson vs. Carr*, 6 *G. & J.*, 312, this Court, through BUCHANAN, C. J., says the well settled rule is, "that a Court of equity will not relieve against a recovery in a trial at law, unless the justice of the verdict can be impeached by facts, or on grounds, of which the party seeking the aid of chancery could not have availed himself

at law, or was prevented from doing it by fraud or acci-
dent or the act of the opposite party, unmixed with any
negligence or fault on his own part." See also 17 *Md.*,
188 ; 37 *Md.*, 276.

It must therefore be taken as well settled law that the
complainants will not be relieved from the judgment
against them unless their bill discloses facts which by
diligence on their part they could not have availed them-
selves of at the trial.

The facts relied upon, as we have already said, were
undoubtedly admissible in evidence at the trial at law,
and it is assumed that they would have constituted a good
ground of defence.

The first item of evidence is the will of Samuel T. Ken-
nard, admitted to probate and record on the 22nd of Octo-
ber, 1845, and the next items are the deed from Elizabeth
Kennard to John Outram, and the simultaneous mortgage
of the same land from Outram and wife to Mrs. Kennard,
both dated the 28th of October, 1865, and both duly
recorded.

While the counsel for the appellants did not deny the
law in reference to due diligence, it was contended that the
parties should have had some "clue to guide them in the
search, before they can be said to have neglected the proper
steps to obtain the evidence."

We cannot well understand that a better clue could be
given to a party, where he is not directly informed, to dis-
cover proof than was afforded in this case. The whole
contention in the case was in reference to the mortgage
debt. The complainants rested their whole defence upon
the ground that it did not legally go into the hands of the
administrator of Mrs. Kennard. The terms of the mort-
gage would be most reasonably suggested as important to
look at in connection with that question. This would
certainly furnish a "clue" to the deed of the property, the
purchase money of which it was intended to secure. The

deed, bearing the same date of the mortgage, and spread upon the same land record, contains a full extract from the will of Samuel T. Kennard, showing the estate of Mrs. Kennard in the land sold and the power under which she acted. From this a reference to the will is clearly pointed out.

To hold that three important papers, thus connected, one of them involved directly in the trial, and all spread upon the records of the county which were accessible to every one upon proper application, furnished sufficient ground for equity to restrain a judgment because they were not offered at the trial, we think would be in disregard of all the well settled doctrine in regard to *lachès* and due diligence.

The case may possibly be a hard one upon the complainants, but the rule of law is inflexible. Due diligence must be used in obtaining evidence, reasonably within the power of the defendant to procure, which may be necessary for his defence in a trial at law. If not produced equity cannot afford him relief.

We do not think that the bill and exhibits in this case furnish any sufficient ground for the injunction asked for; and the decree of the Circuit Court refusing the injunction will accordingly be affirmed, and the bill dismissed.

> *Decree affirmed, and*
> *bill dismissed.*

(Decided 1st April, 1880.)