CHARLOTTE WILLIAMS *vs.* JOHN R. PETERS, and others.

*Ejectment— Equitable defence at Law—Grantor and Grantee.*

In an action of ejectment a plea which alleges that the husband of the plaintiff conveyed the property mentioned in the declaration, to a person who on the same day conveyed it to the plaintiff, and that these conveyances were voluntary, made without consideration, and in fraud of a creditor of the husband, through whom the defendant claims, cannot be pleaded under section 83 of Article 75 of the Code, that allows a defendant to plead such equitable defences in an action at law as would entitle him to relief in a Court of equity against the judgment if recovered.

Where W. purchased a house and lot, and before getting the legal title sold and conveyed it to D., and afterwards the legal title

Williams *vs.* Peters, *et al.*

was conveyed to W. by the original vendor, such conveyance, under the Act of 1856, ch. 154, inured to the benefit of D.

APPEAL from the Circuit Court for Wicomico County.

The case is stated in the opinion of this Court. The Court below (IRVING, C. J., and HOLLAND, A. J.,) to whom the case was submitted, found for the defendants on the issue of fraud.

The cause was submitted on brief to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*James E. Ellegood,* for the appellant.

*Samuel A. Graham, Robert P. Graham,* and *E. Stanley Toadvin,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is an action of ejectment to recover possession of a house and lot. In addition to the general issue plea, the defendant filed five special pleas. The main question, however, arises upon *the demurrer to the fifth plea,* by *way* of *equitable defence,* which alleges, that Samuel Williams, the husband of the plaintiff, conveyed the property mentioned in the declaration to Lemuel Malone, and that Malone conveyed it to the plaintiff; that these conveyances were voluntary conveyances, made without consideration, and in fraud of one James Disharoon, under whom the defendant claims.

Such a plea as this is a bad plea, even by way of equitable defence. It admits the legal title to be in the plaintiff, and then, by way of defence, alleges that said title was derived through a voluntary conveyance, which conveyance was in fraud of James Disharoon, under whom the defendant claims.

Now, the facts which section 83, of Article 75, of the Code, allows a defendant to plead as *an equitable defence in an action at law*, are such facts as would entitle him to relief in a Court of equity against the judgment, if recovered. And, unless the facts pleaded are such that a Court of equity would restrain the execution of the judgment, they cannot be set up as an *equitable defence in an action at law*. The conveyance under which the plaintiff claimed, even though it may have been a voluntary conveyance, was valid and binding as between the parties to the same; and, if it was. made in fraud of the rights of the subsisting creditors of the grantor, their remedy was in a Court of equity to set aside the conveyance. As creditors they had no right to enter upon and take possession of the property as against the plaintiff, even though her title was derived through a voluntary conveyance. Their remedy, if any, was in a Court of equity. There is no mode of procedure in an action at law, by which the conflicting rights of the subsisting creditors of the grantor and the grantee, under a voluntary conveyance, could be ascertained and administered. The demurrer to this plea ought therefore to have been sustained.

Being a bad plea, it follows that the evidence offered under it, to prove that the conveyances under which the plaintiff claimed title were voluntary, and in fraud of the rights of Disharoon, a subsisting creditor of the grantor, ought to have been excluded, and the prayer granted by the Court, based upon such evidence, ought to have been refused.

The demurrer to the fourth plea was properly overruled. If Williams, under whom the plaintiff claimed bought the house and lot in controversy, and before getting the legal title sold and conveyed it to Disharoon, and the legal title was afterwards conveyed to Williams by the original vendor, such conveyance,

under the Act of 1856, chapter 154, then in force, inured to the benefit of Disharoon, under whom the defendant claimed title. The Act of 1856 was not, it seems, codified in the old Code, nor is it to be found in the present Code. It was in force, however, when Williams conveyed his equitable estate to Disharoon, and when Morris, the original vendor, conveyed the property mentioned in the declaration to Williams.

> *Judgment reversed, and*
> *new trial awarded.*

