# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed April 28, 1899.

### COLUMBUS V. EMICH
### VS.
### J. GREGG BEECHER AND WIFE

*William Pinkney Whyte* and *James W. Denny* for plaintiff.

*Frederick C. Cook* and *Joseph S. Heuisler* for defendants.

HARLAN, J.—

This is an action of ejectment, begun on the 18th day of November, 1895, in the Superior Court to recover a certain parcel of land in Baltimore City on the east side of Paca street, described in the declaration, and which, as therein alleged, was conveyed to the plaintiff on July 11, 1895, by deed, duly recorded from Arthur H. Mann and wife.

The defendants on December 9, 1895, pleaded the general issue short and issue was joined. The case was subsequently removed to this court and on March 16, 1898, an additional plea for defense upon equitable grounds was filed, and the case is before the court upon demurrer to this plea.

The plaintiff insists that as the act allowing equitable defenses, 1888 Ch. 547, (Code Art. 75 Secs. 83, 84, 85) was copied from the English Common Law Procedure Act of 1854, 17 and 18 Vict. Ch. 125, and the English Act has been construed as not applicable in ejectment cases in Neave vs. Avery, 16

Com. Bench 328-336, the same construction should be adopted here. An examination of Neave vs. Avery would seem to show that equitable pleas were held inapplicable to ejectment cases in England, not because the statute was not broad enough to allow equitable defenses in such cases standing by itself, but because under other statutes regulating the practice in ejectment cases in England the system of reaching an issue by pleas in such cases no longer prevailed. But the complete answer to this contention is found in the fact that the propriety of equitable defenses in ejectment cases under our statute has been distinctly recognized by our Court of Appeals.

Park Asso. vs. Shartzer, 83 Md. 11-14.

Park Asso. vs. Shartzer, 86 Md., 338-342.

In Williams vs. Peters, 72 Md., 586, it was said, "The facts which Section 83 of Article 75 of the Code allows a defendant to plead as *an equitable defense in an action at law* are such facts as would entitle him to relief in a court of equity against the judgment if recovered. And unless the facts pleaded are such that a court of equity would restrain the execution of the judgment, they cannot be set up *as an equitable defense in an action at law.*

And the question then is whether the facts alleged in this pleading are such as would entitle the defendants to relief in a court of equity against the execution of a judgment in ejectment for the plaintiff.

The established doctrine in Maryland is that where there has been a parole gift of land, as from a father to a son, and the donee enters into possession and relying upon the gift expends money and labor in making valuable improvements of a permanent character, equity will protect the donee and decree a specific performance.

Hardesty vs. Richardson, 44 Md., 618.

Loney vs. Loney, 86 Md. 652.

And there can be no doubt that where equity would decree a specific performance of the gift, it would enjoin the execution of a judgment in ejectment by the donor against the donee. In the case of Hardesty vs. Richardson (Supra) the father, who had made a parole gift of a farm to his son, and put him into possession, and seen him expend money and labor in permanent improvements upon the land, recovered a judgment in ejectment against the son; but the court of equity perpetually enjoined the execution of the judgment and decreed a conveyance of the land to the son.

The facts alleged in this plea, are that there was an oral agreement by the grantor of the plaintiff, with his wife, to purchase the land in controversy, as a provision for his said wife and their infant daughter (the female defendant), and to have the same conveyed to the wife for life, and after her death, to the daughter for life, with a contingent remainder in fee to any children the latter might have, and in default of her having any child or children, then to the grantor and his heirs. That the wife and daughter were put into possession in 1867, and upon the faith of the agreement, the mother and daughter occupied the property as a home and place of residence until the mother's death in 1889 (more than twenty years), and thereafter the daughter continued to occupy. That the donor all the while recognized them as owners of the property, in accordance with the agreement, and that they, both the mother and the daughter, relying upon their ownership, had laid out and expended in repairs and improvements large sums of money.

Were this suit a suit brought by the donor, these allegations would seem to me to bring it within the principles of the cases above referred to.

It is true that in these cases the agreement to give was made directly with the child, but "the interference" of the court of equity was "on the ground of equitable consideration in the outlay." Walsh vs. McIntire, 68 Md., 417; and when the promise is made also for the benefit of the child, and the child upon the faith of it has entered into possession and made large expenditures in valuable improvements with the knowledge of the father, the same equitable consideration is applicable.

The suit here, however, is not by the donor, but by the grantee of the donor, and the question remains whether the latter stands in any better position than his grantor.

One who purchases with notice of an agreement that would be specifically enforced against his vendor, will in equity be decreed to convey in the same manner.

Smoot vs. Rea, 19 Md., 399.

What is sufficient to put a purchaser upon inquiry is good notice, that is where a man has sufficient information to lead him to a fact, he shall be deemed conversant of it. Ibid.

It is alleged that the plaintiff had notice at and before the time of his supposed acquisition of title to the property in question, *of the defendants' possession thereof;* and this possession, *in the absence of anything upon the records explaining the same,* was sufficient to put the plaintiff upon inquiry and to charge him with notice of the equities existing between his grantor and the defendants. Alexander vs. Ghislin, 5 Gill, 138.

The plaintiff's position with reference to notice of title from possession by the defendants, might well be different if the possession of the defendants was consistent with the record title.

But neither the declaration nor the plea discloses any deed or record from the plaintiff's grantor or any one else to the female defendant, with which her possession would comport, although both counsel in their briefs have referred to a deed of August 16, 1867. The demurrer must, however, be disposed of upon the case made by the pleadings, and the court cannot now determine the effect of any such deed. The demurrer will be overruled, with leave to reply within ten days.