## ROLAND PARK COMPANY *vs.* CHARLES W. HULL
### ET AL.

*Injunction to Restrain Prosecution of Action at Law for a Nuisance— Defense of Equitable Estoppel Available at Law—Multiplicity of Suits.*

An action at law was brought to recover damages for a nuisance caused by the maintenance near plaintiff's property of a disposal field for sewerage flowing from defendant's property.   Defendant filed a bill of equity to restrain prosecution of the action upon the ground that the plaintiff therein is equitably estopped from claiming any damages for the alleged nuisance since he had sold to the defendant the said land to be used as a disposal field, with full knowledge that it was to be used for that purpose.   *Held*,

1st. That since this defense of equitable estoppel is fully available in the action at law, equity will not interfere by injunction to restrain prosecution of the suit at law.

2nd. That the bill does not present a case authorizing the issue of an injunction to prevent a multiplicity of suits relating to the alleged nuisance.

Appeal from a decree of the Circuit Court for Baltimore County (BURKE, J.), sustaining a demurrer to the bill of complaint and dismissing the same.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Boyd, Pearce, Schmucker and Jones, JJ.

*Francis K. Carey* and *Osborne I. Yellott* for the appellant:

As the appellees, with full knowledge and understanding, sold the land now used by the appellant for its disposal field to the appellant to be used as a disposal field in the exact manner in which it has been and is being used, the appellees are equitably estopped from claiming damages from the appellant for using said disposal field in said manner. Equitable estoppel is one of the ancient and original subjects of jurisdiction of a Court of equity. The defense of equitable estoppel originated with equity and subsequently was extended to Courts of law. The distinctions between Courts of law and equity are fully preserved in the State of Maryland. Any equitable defense original with Courts of equity and acquired by Courts of law, either by usage or by statute, in the absence of an express statutory provision withdrawing it from equitable jurisdiction, remains an original equitable defense of which suitors cannot be deprived. Courts of equity will not allow themselves to be ousted of any part of their original jurisdiction because a Court of law happens " to have fallen in love with the same or similar jurisdiction." A plaintiff cannot deprive a defendant of his right to have an original equitable defense, which has been acquired by law, tried in a Court of equity, by beginning a suit at law, and the plaintiff is not deprived of his election by the docketing of a suit against him in a Court of law. While, therefore, a Court of equity will not rehear an original equitable defense which has been presented and passed upon in the law Court, and while some authorities hold that if a defendant submits himself to the jurisdiction of a law Court by appearing or filing pleas, he will be held to his election of a law Court for the trial of his equitable defense, it is believed that the authorities are unanimous in holding, that if a defendant has a defense original in equity and acquired by law, and declines to appear or file pleas, he may apply to a Court of equity for a trial of his equitable defense, and pending the trial

of such defense stay the proceedings at law.    This doctrine is
entirely independent of any question as to whether the equi-
table defense, if pleaded at law, will furnish the defendant with
the same full, adequate and complete relief as if pleaded in
equity, because a party is entitled not merely to principles of
equity, but he may claim the advantages of the modes of pro-
ceeding and the course of practice in those Courts.    Apart
from the above considerations and even assuming that Courts
of law and Courts of equity had both original and concurrent
jurisdiction of the defense sought to be set up in this case and
even assuming that it could be claimed that by reason of the
mere docketing of the suit the plaintiff in the law Court could
force a defendant to elect the law Court for the trial of the
defense, it is no where disputed that application may be made
to a Court of equity for relief, and a restraint of legal proceed-
ings be had where it is manifest that the successful assertion
of the defense at law would not afford the defendant as full,
adequate and complete a remedy as the assertion of the same
defense in equity, or where the remedy at law is not clear and
plain.    The only foundation for any claim by the defendants
against the plaintiff would be that the maintenance of the dis-
posal field, in the manner agreed upon when the property was
sold by the defendants to the plaintiff, constitutes a continuing
nuisance.    It has long been conceded that a plaintiff may
apply to a Court of equity for an injunction to restrain the
maintenance of a nuisance on the ground that because of its
continuing character the plaintiff's relief at law is confined to
a succession of damage suits on separate causes of action in
each of which recovery can only be had up to the time of
bringing the suit, and the jurisdiction of equity is maintained
to prevent a multiplicity of actions and because the necessity
for such a multiplicity of actions deprives the relief at law of its
full and adequate character.    The same principle can be invoked
by a defendant because the presentation of his equitable de-
fense in a Court of law can only be an answer to the single suit
on the special cause of action for injuries done up to the time
of bringing the suit and would be no assurance if successfully

maintained that subsequent suits on causes of action subsequently accruing would not be brought against it.   The Court of equity on the other hand can dispose of the entire matter in a single suit and can, by injunction, restrain the bringing of subsequent suits.

The appellees stood by and permitted the company to expend over twenty thousand dollars in preparing the field for use and building its sewerage system in dependence upon it. The appellees have allowed over seven years to elapse before making any claim, during which time the entire development of Roland Park has taken place and a tremendous sum of money has been invested on the faith of the maintenance of the sewerage system and the disposal field.   Under such circumstances the appellees cannot in equity and good conscience be permitted to make money out of a situation which they have themselves created, in which they have fully co-operated and in which they have acquiesced for over seven years.   *Hulme* v. *Shreve*, 4 N. J. Eq. 124; *Dickson et al.* v. *Green*, 24 Miss. 618; *Mitchell* v. *Leavitt*, 30 Conn. 590; *Alexander* v. *Walter*, 8 Gill, 239; *Hardy Bros.* v. *Chesapeake Bk.*, 51 Md. 562; *Homer* v. *Grosholz*, 38 Md. 520; *Brown* v. *Trustees M. E. Church*, 37 Md. 108; *Presstman* v. *Mason*, 68 Md. 78, 89; *Boyce* v. *Kalbaugh*, 47 Md. 336; *Wood on Nuisances* (1875), sec. 797; *Am. & Eng. Dec. in Eq.*, 1st ser., vol. 4, p. 262; *Funk* v. *Newcomer*, 10 Md. 301; *Addison* v. *Hack*, 2 Gill, 221, 226–7; *Dickerson* v. *Colgrove*, 100 U. S. 578–84.

When a defendant claims a defense original in equity and acquired by law like that of equitable estoppel, he cannot be deprived of his right to try that defense in a Court of equity unless he elects to try it in a Court of law, and a plaintiff cannot deprive him of that election by docketing a suit against him in a Court of law.   This proposition is consistent with the assumption that the trial of the defense at law will furnish full and adequate relief and that the Court of law has acquired the same jurisdiction over it as was originally vested in the Court of equity alone.   There can be no doubt of the position taken by the Court of Appeals of this State that where

the jurisdiction of chancery is original and established it is not ousted even by statute, giving to Courts of law jurisdiction over the same subject-matter, unless the equitable jurisdiction is removed by express prohibition.    *Shryock* v. *Morris*, 75 Md. 72; *Schroeder* v. *Loeber,* 75 Md. 195; *Union, &c., Co.* v. *M. & C. C. of Balto.,* 71 Md. 238; *Barnes* v. *Crain,* 8 Gill, 391.

The following authorities sustain the proposition contended for on behalf of the appellant.    *Viele* v. *Hoag,* 24 Vt. 46; *Hestonville R. Co.* v. *Shields,* 3 Brewster, 257; *Kerr on Injunctions,* 591; *King* v. *Baldwin,* 17 Johnson, 384; *Atkinson* v. *Leonard,* 3 Bro. Ch. 218; *Eyre* v. *Everett,* 2 Russell, 381; *Wells* v. *Pierce,* 7 Foster (N. H.), 503; *Clay* v. *Fry,* 3 Bibb, 248; *Dorsey* v. *Reese,* 14 B. Monroe, 157; *Gompertz* v. *Pooley,* 4 Drew, 448; *Davies* v. *Stainbank,* 6 D. M. & G. 679.

The assertion of the defense of equitable estoppel in the law case would not afford as full, adequate and complete a relief as the assertion of the same defense in a Court of equity. Apart from all other considerations the appellant is entitled to equitable relief to restrain the prosecution of the present suit at law and other suits which will necessarily follow because the present suit at law can only be based upon the theory that the plaintiff is maintaining a nuisance in its disposal field, as this injury, if it exists, and the appellees have the legal right to complain of it, is a continuing injury, and as recovery can only be had in the present suit at law up to the time of bringing the suit, the appellant is threatened with a succession of suits for the recovery of alleged damages arising out of the maintenance of the field hereafter.    Unless, therefore, the appellant is protected by a settlement of the whole controversy and an injunction restraining this and subsequent suits, the appellant will be subjected to a multiplicity of suits.    *Phelps' Jurid. Equity,* sec. 230; 1 *Beach on Injunctions,* sec. 542; 1 *High on Injunctions,* sec. 739; *Boyce* v. *Grundy,* 28 U. S. 210; *Grand Chute* v. *Winegar,* 82 U. S. 373.

If the appellant is left to its relief at law and successfully submits its defense to the pending suit at law, the result can only

be to bring a verdict for the appellant on a claim for alleged injury arising from the maintenance of the alleged nuisance up to the time of the bringing of the suit. The injury being of a continuing character the appellees are left untrammelled in the institution of any number of successive suits, each of which must be separately defended by the appellant. As the matter of the equitable estoppel rests on oral statements made by the officers of the appellant to the appellees it follows that if either of the appellees died, or if the officers of the appellant who maintained the conversations died, or left the service of the company and became for any reason inaccessible, the appellant would be wholly unable to prove the estoppel. If, for instance, the second suit were not instituted for, say a period of ten years after the judgment in the first, the Court can easily apprehend a state of affairs which would leave the appellant in an entirely helpless condition. On the other hand, a Court of equity can hear and determine the matter of the estoppel, once for all, with absolute justice to all parties, and if the appellant maintains the allegations of its bill by proof the Court of equity can, by injunction, settle the entire controversy, once for all, and quiet the possession of the appellant in the use of its disposal field.

It seems to us, with great respect, that the Court has misconceived the claim of the appellant in laying stress upon the fact that the bill is not brought under equitable jurisdiction within the doctrine which permits equitable interference to restrain a multiplicity of suits. The claim of the appellant is based, so far as this particular branch of its case is concerned, upon the doctrine that where Courts of law and Courts of equity have concurrent jurisdiction, a Court of equity will always be permitted to hold its jurisdiction, and restrain proceedings already begun in a Court of law, if it is advised that the defense at law will not result in full and adequate relief, and as an illustration of the application of this doctrine the appellant calls attention to the fact, that a successful defense of one suit would not protect the appellant from being harassed with a number of subsequent suits, in each of which it will be neces-

sary for it to produce parol testimony. As a matter of fact, one of the principal witnesses for the appellant, Colonel Waring, has recently died. Another of the appellant's witnesses is now the vice-president and general manager of the company, and his testimony is at present, of course, accessible to the company, but his death or his removal from the jurisdiction of this Court would make the defense of the appellant a matter of grave difficulty, and yet the appellees, unless perpetually enjoined, may bring a succession of suits extending over an indefinite period of time, following one suit with another, until the appellant is either harassed into paying a sum of money to escape further persecution, or else has no longer the ability to offer the testimony upon which its defense rests.

*D. G. McIntosh* (with whom were *R. A. Dobbin* and *Jno. H. Grill* on the brief), for the apppellees :

It will be seen that the bill is not to restrain the commission of a nuisance ; it is not brought by one who is himself aggrieved, but its purpose is to prevent some one else, who says he is aggrieved, from recourse to the usual method of redress. It is believed such an effort is a new departure in the law.

If the complainant can obtain full and adequate relief at law, it has no ground for going into a Court of equity. Many of the cases cited at the hearing below by the appellant's counsel to sustain his contention were cases of equitable estoppel ; but they were cases *at law*, in which the equitable estoppel or estoppel *in pais* was recognized and sustained. They may be invoked to show what constitutes an estoppel, but they furnish no argument for the appellant to leave a Court of law and transfer its case to a Court of equity. The Maryland Reports are full of cases where estoppels *in pais* are introduced as evidence and relied on as defenses in actions at law. *Atlantic Coal Co.* v. *Maryland Coal Co.*, 62 Md. 143; *Park Ass'n* v. *Shartzer*, 83 Md. 11; *Hardy* v. *Ches. Bank*, 51 Md. 562. See also—*Pullman Palace Car Co.* v. *C. Trans. Co.*, 34 Fed. Rep. 357; *Slanwood* v. *McClellan*, 48 Maine, 275; *Johnston* v. *Young*, 10 Ir. Eq., 403; *Lambert* v. *Lambert*, 5 Ir. Eq., 339; *Bedwell*

v. *Pittsburg*, 85 Penn. St., 412; *Drexel* v. *Berney*, 122 U. S. 241; *Bigelow on Estoppel*, 712; *Herman on Estoppel*, sec. 1298; *Pomeroy on Jurisprudence*, secs. 69, 139, 179; *Brooks* v. *Delaplaine*, 1 Md. Ch. 354.

It is submitted that these authorities dispose of the contentions of complainants : (1) That equitable estoppel being a defence original in equity, and acquired by law, equity must perforce retain its original jurisdiction , and (2) that complainant relying upon a defence original in equity and acquired by law, to wit ; equitable estoppel, it cannot be deprived of its right to try that defence in a Court of equity, unless it elects to try it in a Court of law.

The second ground upon which the bill is filed and injunction asked for is to prevent multiplicity of suits. It is submitted this ground can not avail the complainant. A plaintiff who feels aggrieved and who has a legal cause or causes of action may, under certain circumstances, bring his suit in equity to prevent the necessity of a multiplicity of suits on his part. But it is a novel doctrine that a defendant when sued for an ordinary trespass or nuisance can anticipate that the plaintiff may sue him again for a continuance of the nuisance, and that this gives him ground to transfer his defence to a Court of Equity. *Pomeroy on Eq. Jur.* secs. 249–254 ; 271–274.

BRISCOE, J., delivered the opinion of the Court:

The questions in this case arise on a demurrer to a bill in equity filed in the Circuit Court for Baltimore County, asking for an injunction to restrain a suit at law.

The plaintiffs in the action at law are real estate dealers and owners of valuable real estate, situate in Baltimore County, which has been subdivided into building lots. The defendant is a corporation known as the Roland Park Company of Baltimore City, duly incorporated under the laws of the State of Maryland, and is engaged in the business of improving and developing land at Roland Park, Baltimore County.

The declaration contains two counts, one for an alleged nuisance, and the other for trespass, in breaking and entering the

plaintiff's close.  The declaration states that the defendant corporation, prior to the 28th of April, 1897, purchased a large tract of land, known as Roland Park, lying north and west of plaintiff's property and subdivided it into building lots, and in order to induce persons to buy and build on these lots it agreed to carry off the drainage from the kitchen, bathrooms and water closets of the purchasers of the lots ; that it constructed near and almost adjoining the plaintiff's property an extensive sewerage system, consisting of filters, drains, pipes, &c., into which more than twice each day, it wrongfully and in utter disregard of the plaintiff's rights, discharged all the accumulations of the preceding twelve hours from over one hundred cottages, the contents of which is spread in a diluted condition through the system of pipes, &c., over a small area of lowland, called a disposal field, lying near to and almost adjacent to the plaintiff's property, from which arises a horrible, sickening, loathsome and disease breeding stench, which with the wind is carried upon the plaintiff's property, thereby interfering with its comfortable enjoyment and making it impossible to sell either the land or the lots, so that the property has been rendered utterly valueless for selling purposes.

The relief asked by the complainant in its bill is placed upon two grounds ; first, an equitable estoppel, and second, to prevent a multiplicity of suits.

The demurrer to the bill was sustained by the Court below, and the plaintiff has appealed.

The principal ground relied upon by the plaintiff in its bill to restrain the suit at law, is the alleged fact that the plaintiffs in the law case sold the defendant the land called "The Disposal Field," and knew the exact purpose for which the land was purchased and the use which would be made of it, and they are equitably estopped from claiming any damage by reason of its maintenance.

It appears, then, that the object of the suit at law, as stated in the first count of the declaration, is to recover damages for a nuisance, resulting from the maintenance of the disposal

field, and the defense, as disclosed by the bill in equity to restrain the prosecution of the suit, is based upon an equitable estoppel. This, then, being the nature and character of the defense, it is clear, we think, that if the facts as alleged constitute an estoppel, they can be set up, and are as available, by way of defense, at law as in equity.

The principle is well settled and is thus clearly stated by the Supreme Court, in the case of *Phœnix Mutual Life Insurance Company* v. *Bailey*, 13 Wall. 616, to be that whenever a Court of law competent to take cognizance of a right has power to proceed to a judgment which affords a plain, adequate and complete remedy without the aid of a Court of equity, the plaintiff must in general proceed at law, because the defendant under such circumstances has a right to trial by jury. In the case of *Atlantic Coal Company* v. *Maryland Coal Company*, 62 Md. 143, this Court said: License and estoppel are legal defenses in an action of trespass and could be set up in a suit at law and to the extent of their legitimate protection could be made available in that suit. And MR. JUSTICE MATTHEWS, in *Drexel* v. *Berney*, 122 U. S. 253, in passing upon the doctrine of equitable estoppel and its application, said, that in order to justify a resort to a Court of equity, it is necessary to show some ground of equity other than the estoppel itself, whereby the party entitled to the benefit of it is prevented from making it available in a Court of law. In other words the case shown must be one where the forms of law are used to defeat that which in equity constitutes the right. The same principle is applied and upheld in the cases of *Kirk* v. *Hamilton*, 102 U. S. 76, and *Dickerson* v. *Calgrove*, 100 U. S. 578.

The second ground of relief alleged by the bill, to give a Court of equity jurisdiction, is to prevent a multiplicity of suits. The suit at law is to recover for a trespass and for maintaining what is alleged by the declaration to be an existing nuisance. Mr. Pomeroy, in his book on Equity Jurisprudence, sec. 250, while conceding that there has arisen some conflict of decision in the applications of the doctrine, says: "It is plain that pre-

vention of a multiplicity of suits is not considered by itself
alone an independent source or occasion of jurisdiction in such
a sense that it can create a cause of action where none at all
otherwise existed.   In other words, a Court of equity cannot
exercise its jurisdiction for the purpose of preventing a multi-
plicity of suits in cases where the plaintiff invoking such juris-
diction has not any prior existing cause of action, either equit-
able or legal ; has not any prior existing right to some relief
either equitable or legal.   The very object of preventing a
multiplicity of suits assumes that there are relations between
the parties out of which other litigations of some form might
arise."

We find nothing in the facts of this case that would author-
ize the application of this doctrine.   The cases relied upon by
the appellant are distinguishable from the case presented here,
and do not therefore support its contentions.

Being, then, of the opinion that the plaintiff is not entitled
to the relief asked by its bill, the order of the Court below,
for the reasons we have given sustaining the demurrer will
be affirmed, and the plaintiff's bill will be dismissed.

*Order affirmed with costs.*

(Decided January 16, 1901.)