## GUSTAVUS A. ALBERT *vs.* ANNIE H. FREAS.

*Execution—Claimant of Property Seized—Trial of Question of Ownership—When Bond by Claimant is Necessary—Equitable Estoppel to Assert Ownership—Pleas—Judgment—Instructions.*

Under an execution issued on a judgment against a husband certain personal property was seized which was alleged by his wife to belong to her. She filed a petition setting forth her claim as is provided for by Code, Art. 9, sec. 47. That statute also provides for the docketing of a suit by the claimant against the plaintiff and defendant in the execution, and that if the claimant establishes title to the property he shall be entitled to damages for the seizure, and also that the property shall be discharged from the levy upon the filing of a bond by such claimant. In this case no bond was filed and the property seized was sold under the execution. Upon the trial of the case between the claimant and the parties to the execution, *held,* that a motion to quash the claim should not be granted merely because the property taken in execution had been sold, since the question involved was one of title and it was not necessary that the claimant should file a bond in order to have that question determined.

*Held,* further, that the fact that the claimant was the wife of the defendant in the execution was not a ground for granting the motion to quash the claim, since the question as to the disability of a plaintiff to sue must be raised by a plea of abatement and not by a motion to quash.

To a claim of ownership of property seized under execution issued against a third party, the plaintiff in the execution filed a plea upon equitable grounds setting forth certain facts which it was alleged operated as an equitable estoppel to the claimant to assert a claim to the property. *Held*, that a demurrer to this plea was properly sustained since this defense could have been offered in evidence under the pleas at law.

The wife of a man who operated a saw mill, bought with her own money certain horses and wagons, which were used by her husband in hauling timber and lumber to and from the mill. A man employed as a sawyer recovered a judgment against the husband for wages, and issued an execution under which said horses and wagons were seized. The judgment debtor's wife filed a claim to the property seized under Code, Art. 9, sec. 47, and a case was docketed by her against the plaintiff and the defendant. The plaintiff in the judgment testified that he had been induced to give credit to the defendant because he thought he was the owner of the horses and wagons but there was no evidence that the claimant did anything to induce him to believe that said property belonged to the defendant. *Held*, that the jury was properly instructed that if they find the above-mentioned facts their verdict must be for the claimant.

*Held*, further, that the verdict being for the claimant for the property seized and against the plaintiff in the execution it was not necessary that the verdict and the judgment entered thereon should also include a finding against the defendant in the execution, and consequently a motion in arrest of the judgment was properly overruled.

Appeal from the Circuit Court for Allegany County (BOYD, C. J., and HENDERSON, J.)

The cause was argued before McSHERRY, C. J., PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*J. W. S. Cochrane*, for the appellant.

*Arch A. Young*, for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant recovered a judgment in the Circuit Court for Allegany County against Ezra H. Freas, the husband of the appellee, and upon this judgment he caused a writ of *fieri facias* to be issued directed to the Sheriff of said county. In execution of the writ the Sheriff levied upon certain personal

property specified in the schedule filed with the petition in this
case. Thereupon the appellee, who is the wife of the judg-
ment debtor, filed a petition under Art. 9, sec. 47 of the Code
1904, in the Circuit Court for Allegany County, in which she
asserted claim to the property levied upon by the Sheriff under
said writ. In obedience to the requirements of the statute the
clerk, upon the filing of said petition, docketed a suit between
the appelleee and Gustavus A. Albert and Ezra H. Freas, the
plaintiff and defendant in the execution, and issued summons
directed to each giving notice of the petitioner's claim.

The judgment creditor, Albert, appeared and filed a motion
"to quash the claimant's claim in this cause" for the following
reason: "That the plaintiff is the wife of one of the defendants,
the said Ezra H. Freas, and of this he is ready to verify." Sub-
sequently, upon leave of Court, he filed the following addi-
tional reasons· "to quash the claim of the plaintiff;" That the
specific property set forth in the plaintiff's claim has been sold
by the Sheriff under the writ; that no bond had been filed to
stay the execution as required by the statute, and that no judg-
ment could be entered up for the specific property claimed be-
cause the same had been disposed of by the Sheriff, and was
no longer in his possession and control, but had been sold to
*bona fide* creditors."

The Court overruled the motion to quash. He then inter-
posed three pleas to the appellee's claim, the second and third
being taken upon equitable grounds of defense. In the first
plea he averred that the property enumerated and set out in
the plaintiff's claim was and is the property of Ezra H. Freas,
and not that of the plaintiff. In the second plea it is alleged
that he recovered a judgment in the Circuit Court for Alle-
gany County against the defendant, Ezra H. Freas, the same
being No. 27 Original, April Term, 1905, of said Court; that
the cause of action in said suit was for work performed by this
defendant for the said Ezra H. Freas in running a sawmill in
the capacity of sawyer, said mill being run and managed and
operated in the name of the said Ezra H. Freas and not in the
name of the defendant; that this defendant and the business

public knew no one else as the owner of said business; that the lumber was supplied to said mill by means of horses, teams, wagons, timber carts and other apparatus, and when same was sawed by work and labor of this defendant and others working in conjunction with him, was then hauled to market by said teams, &c.; that this defendant caused the writ of *fieri facias* to be issued out or issued upon said judgment; and the Sheriff of Allegany County to whom said writ was directed, seized and levied upon said teams, wagons, &c., and sold the same to satisfy said execution and costs, and that said property so sold was the identical property used in said business as aforesaid, and the said property claimed in this case by the plaintiff. And in the third plea it is alleged that the property set out in plaintiff's claim was sold by the Sheriff under said execution, and passed into the hands of purchasers thereof at public sale after due notice by advertisement giving more than ten days' before the time thereof, and that plaintiff took no legal steps to enjoin or prevent said sale, but now is trying to assert title to property that this defendant nor the said judgment debtor said Ezra H. Freas has any title to whatever or any possession thereof.

The appellee demurred to the equitable pleas, and the Court sustained the demurrer to both pleas. Whereupon two amended pleas upon equitable grounds were filed. These pleas are as follows: First, that the property levied upon and sold as set out in the plaintiff's claim was used by her husband in her business in which defendant was employed, conducted upon a secret agreement between her husband and herself of which the defendant, Gustavus A. Albert, had no knowledge, that the plaintiff knew that defendant Albert did the work for her husband relying upon the credit furnished him said Albert by the possession and use of said property so used in said business, and that plaintiff fraudulently induced defendant to part with his labor upon the faith of his belief induced by plaintiff that said Ezra H. Freas, her husband, did own said property and that same would be liable for his debts. In the second plea it is stated that the property levied upon at suit of de-

fendant as set out in plaintiff's claim was used by her husband the judgment debtor in her business conducted by a secret agreement between her husband and herself of which said agreement said Albert had no notice; that plaintiff knew that said Albert did the work and labor for her busband for which his judgment was recovered, relying upon the credit furnished him, the said Albert, by the possession and use of said property used in the conduct of the business in which said Albert was employed, and that defendant saith that plaintiff induced said Albert to part with his labor on the faith of his belief induced by plaintiff that said Ezra H. Freas, her husband, did own said property, and that the same would be liable for his debts.

To both amended pleas the claimant demurred. The Court overruled the demurrer as to the first amended plea, and sustained it as to the second. The claimant then joined issue upon the first plea, and traversed the facts stated in the first amended plea on equitable grounds. Upon this traverse issue was joined and the issue of fact presented by the pleadings were submitted to a jury for determination. The claimant offered evidence tending to prove her title and ownership of the property specified in her petition. She testified it had been bought for her and had been paid for with her own individual money, which she had saved before her marriage to her husband, but that she had permitted her husband to use it in connection with his work. She also introduced checks for certain amounts, drawn upon the Citizens Bank of Freeland and signed by herself which she testified were given in payment of a portion of the property claimed in her petition. She further testified that she had given other checks for the purchase-money of other portions of the property, but that these checks she was unable then to produce. Her testimony was supported by that of her husband, Ezra H. Freas, the judgment debtor, who it may be noted did not appear to the claimant's case or file pleas therein.

He further testified that the property had been sold by the Sheriff under the execution, and that he had notified the Sheriff before the sale that the property belonged to the claimant.

The Sheriff, Mr. Deneen, testified that, after being indemnified by bond, he had sold the property mentioned in the schedule. The defendant, Gustavus A. Albert, testified that he was employed as a sawyer by the defendant, Ezra H. Freas, and worked for him in that capacity for nearly a whole year; that said Ezra H. Freas paid him small sums on account of his wages, but never paid him all, that his wages ran beyond $182.50 when he quit work and brought suit therefor; that he lived and boarded at the house of the plaintiff the whole of the time he was employed; that plaintiff did the work of the house and that he did not pay board; that he frequently heard the said Ezra H. Freas in the presence of the plaintiff speak of the property set out in the plaintiff's claim as "my horses," "my wagons," and that he always spoke of and controlled said property as his own, and that plaintiff when said Ezra H. Freas spoke of said property as his own, in her presence, never said aught to question the title of ownership of her husband to same; that he saw her daily, ate and slept at the same house with the plaintiff, and was led to believe by the course of the business carried on by said Ezra H. Freas that he owned the property in question used in the conduct of said business, and without which said business could not have been carried on, that the horses, wagons and chains set out in the plaintiff's claim were used to put the logs to the mill to be sawed by witness and to haul the lumber to market after being sawed, and that he looked to the said Ezra H. Freas for his wages, relying upon his representations that he owned the property used in said business, and allowed the said Ezra H. Freas to become in arrear to him for wages, relying solely upon the truth of his representations that said property belonged to him. That if he had known that said property was not the property of said Ezra H. Freas he would not have worked for him a single day after so learning that the property did not belong to him; but on cross-examination he admitted that when he made the bargain with Freas to accept employment he had never seen or met him before, and did not know and did not inquire whether Freas had any property or not. He

also offered evidence by Charles S. Hamilton tending to prove that Ezra H. Freas had stated to him that he owned six horses, six sets of harness, and one or two wagons. But this testimony was denied by Freas.

· The above constitutes all the material facts testified to, and at the conclusion of the evidence the claimant offered two prayers, the second of which was conceded by the defendant, Albert. The first prayer told the jury that if they found from the evidence that Ezra H. Freas and the claimant were husband and wife and that the claimant when she married had about $800, and that with said money, or other money belonging to her, she purchased the property mentioned in this case, and that said Ezra H. Freas made a contract with the Anthracite Lumber Company to cut and haul lumber, and that the said claimant permitted the said Ezra H. Freas to use said property in connection with said business, and shall find that the said claimant was not a party to said contract, and shall also find that the said Albert was employed by the said Ezra H. Freas, and that the title to said property was never in the said Ezra H. Freas, then their verdict shall be for the claimant, even if they shall find that the said Albert gave credit to the said Ezra H. Freas by reason of his having possession and use of said property, provided they shall further find that the claimant said or did nothing to lead the defendant, Albert, to believe that the said property belonged to the said Ezra H. Freas. The defendant, Albert, offered a prayer by which he asked the Court to instruct the jury that under the pleadings there is no evidence in the case legally sufficient to entitle the plaintiff to recover.

The Court granted the claimant's first prayer, and refused the defendant's prayer. To the action of the Court in granting the claimant's first prayer, and refusing the defendant's second prayer, the defendant excepted. The jury found their verdict "for claimant for the six horses, six sets of harness and two wagons mentioned in the schedule attached to the petition filed in this case, and one cent damages for the seizure and detention of said property against Augustus A. Albert."

Albert then filed a motion in arrest of judgment, which mo-
tion the Court overruled, and entered judgment on the ver-
dict "for the claimant for the six horses, six sets of harness,
and two wagons mentioned in the schedule attached to the
petition filed in this case, and one cent damages for the seiz-
ure and detention 'of said property against Augustus A.
Albert."

The record contains no exception to testimony, and the
oniy questions presented are those which arise on the motion
to quash, the rulings upon the demurrers, and upon the pray-
ers, and upon the motion in arrest of judgment. These ques-
tions we think, present little difficulty, and may be determined
upon the authority of the adjudged cases in this Court. The
reasons assigned for quashing the proceedings taken by the
claimant are: first, because she is the wife of the defendant
Ezra H. Freas, and second because the property had been
sold by the Sheriff upon the failure of the claimant to give
bond as provided by the Act. As to the first reason, it would
seem to be clear that it does not constitute a ground to quash
the proceeding. If a defendant wished to set up the disability
of a plaintiff to sue he must do so by plea in abatement, and
not by a motion to quash. This is an elementary rule of
pleading, and may be found stated in all the text writers upon
the subject.

The additional reasons seem to be based upon a misappre-
hension of the scope and object of Art. 9, sec. 41 of the
Code, The right of the claimant to proceed under that sec-
tion is in no manner affected by her failure to give bond as
provided in sec. 48 of that Article. If a claimant wishes to
obtain immediate possession of the property taken from him
under attachment or execution he must give bond, but the
giving of the bond does not constitute a condition precedent
to his right to have the question of the right of property and
amount of damages he may have sustained determined upon
his petition under sec. 47. *Turner, use of White* v. *Lytle*, 59
Md. 199; *Kean* v. *Doener*, 62 Md. 475. The Court was,
therefore, right in overruling the motion to quash. Nor do

we find error in the action of the Court in sustaining the demurrer to the second and third pleas filed on equitable grounds, inasmuch as the facts set up in those pleas are substantially the same as those relied upon as additional reasons to quash the proceedings, which reasons we have determined constituted no valid defense to the plaintiff's claim.

The second amended plea, to which the claimant demurred, was also filed upon equitable grounds and purported to set out facts which showed that the plaintiff was equitably estopped to assert her claim to the property. Where the defense relied on is available at law it cannot be set up as an equitable plea under the Act of 1888, ch. 547. This point has been definitely settled by the cases of *Taylor* v. *The State*, 73 Md. 222, and *Robey* v. *The State, use of Mallery*, 94 Md. 61.

Estoppel *in pais* is as available at law as in equity, and if the facts alleged in the plea constituted a bar to the plaintiff's claim, they could have been offered in evidence under the issue joined on the first plea. It was, therefore, a plea not authorized, or permitted by the Act, and the demurrer thereto was properly sustained. *Atlantic Coal Co.* v. *Md. Coal Co.*, 62 Md. 143; *Park Association* v. *Shartzer*, 83 Md. 10; *Roland Park Co.* v. *Hull*, 92 Md. 301.

The defendant's first prayer which asked the Court to direct a verdict for the defendant was properly refused, because it is apparent from the testimony to which we have referred that the issues of fact raised by the pleas should have been submitted to the finding of the jury, which was done by the first prayer of the plaintiff in a manner as favorable to the defendant's contention as he could expect.

We see no reason why the motion in arrest of judgment should have been granted. The verdict determined the precise question the jury was empanelled to try, viz: the question of the right of property involved and the amount of damages suffered by the owner by the seizure and detention. If the jury should find for the claimant upon the question of right of property, they are not required to go farther as contended by the appellee and say that they also find against the defend-

ant.   Upon this inquiry they have discharged their whole duty when they shall have found for or against the plaintiff as to the claim made by the petition, but in respect to the damages they are to be awarded against the plaintiff only in the execution or attachment,   This was done by the jury in this case, and the judgment was properly entered in conformity to the verdict.

> *Judgment affirmed, the appellant to*
> *pay the costs.*

(Decided June 14th, 1906.)