HUGH L. BOND, JR., ET AL., TRUSTEES, vs. MARGARET MURRAY.

*Ejectment*: *equitable pleas; not admissible when available as defense at law. Chesapeake and Ohio Canal*: *title to land condemned; no adverse title against.*
*Trespass*: *license and estoppel.*

An action of ejectment brought by the trustees of the Chesapeake and Ohio Canal to recover a tract of land which, by condemnation proceedings had vested in the Canal Company since 1837; the defendant as an equitable defense pleaded that she and those under whom she claimed had for more than sixty years occupied the land in controversy, by actual enclosure and possession, without any interference from the Canal Company, its trustees, or officers; that on the land there had been erected a large house, etc., in which the plaintiff and her mother had lived for over sixty years; and she claimed that by reason of such non-user and non-claim on the part of the Canal Company she and her predecessors in title had laid out and expended large sums of money on the land in question, which said land she alleged was totally unfit for the use of the Canal Company. *Held* that this could have been given in evidence under the plea of not guilty and therefore could not be pleaded as an equitable defense. p. 451

License and estoppel are legal defenses in an action of trespass. p. 451

Under the Act of 1888, Ch. 547 (Code of 1912, Art. 75, sec. 86), a defense good at law may not be pleaded as an equitable defense. p. 449

Under the Act of 1824, Ch. 79, incorporating the Chesapeake and Ohio Canal Co. and under the amendment of the Act of 1844, Ch. 287, no title can be acquired as against the canal, by mere length of possession, whether with or without the permission of the company, so as to deprive the said company of its rights in or to the said lands. pp. 452, 453

*Decided July 10th, 1912.*

Appeal from the Circuit Court for Allegany County (KEEDY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS URNER and STOCKBRIDGE, JJ.

*Ferdinand Williams* and *George A. Pearre,* for the appellees.

*D. L. Sloan* and *Richard T. Semmes,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit in ejectment brought by the appellants against the appellee, in the Circuit Court for Allegany County to recover part of a tract of land, situate in the City of Cumberland, Md., called "The Brothers," containing eleven acres, three roods and ten poles.

The declaration avers, that Hugh L. Bond, Jr., Herbert R. Preston and George A. Colston, surviving trustees of the Chesapeake and Ohio Canal Company, under and by virtue of the decree of the Circuit Court for Washington County, in Nos. 4191 and 4198 Equity, in said Court, for, on behalf of and in the name of the Chesapeake and Ohio Canal Company, a corporation of the State of Maryland, duly incorporated under the laws thereof, and the Chesapeake and Ohio Canal Company, sue Margaret Murray for that heretofore, to wit: on the 13th day of June, 1837, the said Chesapeake and Ohio Canal Company, at Allegany county, aforesaid, came into possession and was seized and possessed of all that certain tract, lot or parcel of land lying and being in said county containing eleven acres, three roods and ten poles, that said parcel of land is part of a tract of land called "The Brothers," which is described in the condemnation proceedings of the *Chesapeake and Ohio Canal Company* v. *Mary Ann O'Neill,* recorded in Judgment Rec-

ords of Allegany County, in Liber Q, folio 538, etc., that
Margaret Murray did on the 1st day of July, 1910, wrong-
fully enter the parcel of land and eject the plaintiff, and
ever since has retained and still retains possession thereof.
The plaintiffs then claim the recovery of the parcel of land
and damages for its detention.

The case was heard, upon issue joined upon the plea of
not guilty, and at the conclusion of the evidence upon the
part of the plaintiffs the defendant offered a prayer, asking
the Court to instruct the jury that there was no legally
sufficient evidence to show legal title to the land, in con-
troversy, to entitle the plaintiffs to recover, and the verdict
must be for the defendant. This prayer was rejected by
the Court, but leave was granted the defendant to file an
additional plea by way of equitable defense, and as the
action of the Court, in overruling the plaintiff's demurrer to
this plea presents the principal questions on this appeal, the
plea will be set out in full. It is as follows:

For defense upon equitable grounds, the defendant further
says, that the title to the land claimed in the declaration
was vested in the Chesapeake and Ohio Canal Company by
virtue of the proceedings in the condemnation case of said
company against Mary Ann O'Neill in No. ......Trials,
........Term, ........, and that the said Canal Com-
pany entered into possession thereof and used and occupied
so much of the same as was necessary for its purposes
of a canal and no more, in and about the year 1838, and
that at or about the time the Baltimore and Ohio Railroad
Company occupied and entered upon and have since used
and occupied a strip of land running through said property
between the land occupied by the plaintiffs and that occupied
by the defendant, without transfer or title from the Chesa-
peake and Ohio Canal Company within the lines of the con-
demnation aforesaid, and from thence hitherto, and that the
defendant and those under whom she claims have for more
than sixty years occupied by actual inclosure and possession,
without any interference and from the Canal Company, its

trustees, officers and agents, the land in controversy in this case, and that one Crawford Black occupied and by regular deeds of conveyance divided, laid off and sold a portion of the land lying within the lines of said condemnation, lying east of the Baltimore and Ohio Railroad, without the consent of the Chesapeake and Ohio Canal Company or any of its agents, and that one of the public streets of the City of Cumberland, called Thomas street, and another public street of said City, called German Lane, have been laid out, used and occupied continuously for forty years as public streets of the City of Cumberland, and that said two streets intersect said condemnation; that for more than sixty years and ever since said condemnation, without leave, license, authority or interference of the Chesapeake and Ohio Canal Company, the Baltimore and Ohio Railroad Company has maintained its tracks on said condemnation east of the canal towpath, and now has a four-track system on said condemnation; that Sarah Riley for more than seventy years has resided on the said condemnation on a lot lying east of said canal and east of said railroad tracks in the house where she was born, and has exercised rights of ownership over said lot without interference from said Canal Company; that the lots of Myers and Ringler, the houses on which are intersected by one of the lines of said condemnation are situate east of Thomas Street and German Lane; that on the lots of the defendant in this case is a large brick dwelling house erected more than sixty years ago in which she now resides with her mother, Catharine Johnson, and that said house was erected at great cost, and has with said lots been occupied by the defendant and her mother for more than sixty years without interference of the said Canal Company; that the said railroad tracks are situate about thirty feet above the level of the canal and the lots and streets at a slightly higher elevation than the railroad, and are so situated as to be useless for the purpose of canal navigation, and the plaintiffs, or the said Canal Company or any of its officers, agents or trustees, never exercised any act of ownership

over any part of said condemnation lying east of the. canal, nor has it ever interfered with the occupancy of the same by the defendant or any other person, or with the said railroad, which has been operated as a through line, and is part of the main system of the B. & O. Railroad connecting the City of Baltimore, Maryland, with the cities of St. Louis and Chicago and intermediate points; and that by reason of a non-user and non-claim on the part of the Canal Company and its trustees and employees of any claim to the land on which the tracks of the B. & O. Railroad are located, and those parts of the land claimed by the plaintiff lying east of the B. & O. Railroad, these defendants and those under whom they claim laid out and expended large sums of money in buildings and improvements and in the payment of taxes, and that it would be a fraud and inequitable for the plaintiffs to be permitted after the lapse of more than seventy years to eject this defendant from the premises aforesaid; and that all of said land and the land occupied and claimed by the defendant has been abandoned by the plaintiffs for more than sixty years before the bringing of this suit, and that the plaintiffs are equitably estopped from setting up any claim to the land so abandoned.

We think the Court committed an error in not sustaining the plaintiffs demurrer to this plea. It is manifestly a bad plea even by way of equitable defense, and is not a plea contemplated or permitted by the Act of 1888, Chapter 547, in actions at law.

In *Williams* v. *Peters,* 72 Md. 584, it is said, the facts which the Act allows a defendant to plead as an equitable defense in an action at law, are such facts as would entitle him to relief in a Court of equity against the judgment, if recovered. And unless the facts pleaded are such that a Court of equity would restrain the execution of the judgment, they cannot be set up as an equitable defense in an action at law.

In *Robey* v. *State,* 94 Md. 71, the Court said, the statute which allows defenses on equitable grounds, was intended

to permit a defendant to plead many defenses valid in equity, but not previously available at law. A defense which is a good defense at law may not be pleaded on equitable grounds, because it is only such a defense as could not formerly have been pleaded at law that is now let in on equitable grounds. And to the same effect are the cases of *Taylor* v. *State,* 73 Md. 222; *Roland Park Co.* v. *Hull,* 92 Md. 301; *Stump* v. *Warfield,* 104 Md. 551; *Falck* v. *Barlow,* 110 Md. 160.

In *Albert* v. *Freas,* 103 Md. 590, it is said, that where the defense relied on is available at law, it cannot be set up as an equitable plea under the Act of 1888, Chapter 547.

The plea in this case is also clearly defective in raising and presenting numerous issues entirely foreign to and outside of the proper issue in the case.

In *Shartzer* v. *Park Association,* 86 Md. 337, this Court in dealing with a somewhat similar plea, said, "the plea is, at best, but a loose statement at large without any view to the application of the facts in controversy." * * * "It violates that rule of pleading which requires the avoidance of obscurity; and instead of setting out 'the facts which entitle the defendant to relief,' which is required in a plea for defense on equitable grounds, it spreads on the record papers on which the defendant relies to prove the facts constituting an equitable estoppel."

But apart from this, the demurrer to the defendant's plea should have been sustained, because the defenses presented by it, if valid at all, could have been availed of under the general issue plea. It is well settled that where the defense relied on is available at law, it cannot be set up as an equitable plea under the Act, and in an action of ejectment where there is a defense at law, an equitable plea is not allowed. *Stump* v. *Warfield,* 104 Md. 551; *Falck* v. *Barlow,* 110 Md. 160; *Urner* v. *Sollenberger,* 89 Md. 337.

Now eliminating those parts of the equitable plea not bearing upon the question of title, at issue in this case, the plea, admits that the title to the land claimed in the declaration was vested in the Chesapeake and Ohio Canal Company by

virtue of the proceedings in the condemnation case of the
Canal Company against Mary Ann O'Neill as charged in
the declaration and that the Canal Company entered into
possession thereof and used and occupied so much of the
same as was necessary for its purposes of a canal and no
more, in or about the year 1838. It then, states that the
defendant and those under whom she claims have for more
than sixty years occupied by actual inclosure and possession
without any interference from the canal or its trustees the
land in controversy in this case, that on the lots of the
defendant in this case is a large brick dwelling house, erected
more than sixty years ago in which she now resides with her
mother, Catherine Johnson, and that said house was erected
at great cost, and has with said lots been occupied by the
defendant and her mother for more than sixty years without
interference of the Canal Company. And by reason of non-
user and non-claim on the part of the Canal Company these
defendants and those under whom they claim laid out and
expended large sums of money in buildings and improve-
ments and in the payment of taxes and that it would be a
fraud and inequitable for the plaintiffs to be permitted after
a lapse of more than seventy years to eject the defendant
from the premises and that all the land and the land occupied
and claimed by the defendant has been abandoned by the
plaintiff for more than sixty years before the bringing of
this suit and that the plaintiffs are equitably estopped from
setting up any claim to the land so abandoned.

The defenses here relied upon in the equitable plea to
bar the plaintiffs' claim, if valid, could have been offered in
evidence under the plea of not guilty and therefore could not
be pleaded as an equitable defense.

In *Atlantic Coal Co.* v. *Maryland Coal Co.,* 62 Md. 135,
it is said, that license and estoppel are legal defenses in an
action of trespass, and could be set up in the suit at law, and
to the extent of their legitimate protection could be made
available in that suit.

In *Albert* v. *Freas,* 103 Md. 590, where an equitable plea, purported to set out facts which showed that the plaintiff was equitably estopped to assert her claim to the property, JUDGE BURKE, in delivering the opinion of this Court, said, "estoppel *in pais* is as available at law as in equity, and if the facts alleged in the plea constituted a bar to the plaintiffs claim, they could have been offered in evidence under the issue joined on the first plea. It was, therefore, a plea not authorized or permitted by the Act of 1888, Chapter 547, and the demurrer thereto was properly sustained. *Stump* v. *Warfield,* 104 Md. 552; *Union Hall Association* v. *Morrison,* 39 Md. 281.

The defense of abandonment set up by the plea, if it has any application to the case at all, could have been availed of, under the plea of not guilty. The plea does not state that the defendants possession was hostile, adverse or even continuous. The plea admits the title of the Chesapeake and Ohio Canal Company to the land in controversy, and that it was acquired by virtue of certain condemnation proceedings, as asserted in the declaration.

By the Act of 1824, Chapter 79, incorporating the Canal Company, it is provided, that upon payment by the company of the lands condemned the company shall be seized of such land as of an absolute estate in perpetuity or subject to such partial or temporary appropriation, use or occupation as shall be required and described, as if conveyed by the owner of them. And by section 10, Chapter 287, of the Acts of 1844, it is further provided that the connection of any fence or wall with the works of the canal, in the manner authorized by the second section of the Act to which this is a supplement, or the erection of any fence, wall or building upon the land of the company whether with or without the permission of the company, however long the same may remain shall not be deemed nor held in law as an adverse possession, so as to deprive the company of its rights in or to the said lands.

In *Brown et al.* v. *Chesapeake and Ohio Canal Co.*, 73 Md. 600, Judge Alvey, in an opinion filed in the Circuit Court of Washington County, which will be found set out in full in an Appendix to 73 Md. 567, in dealing with the sale of the property of the canal, said, if there be adverse claims of title to any of the parcels of land supposed to belong to the company, a Court of Equity is not the Court in which such adverse claims of title can be tried and settled; the resort must be to a Court of law in the jurisdiction where the land may be located. No title, however, has been or can be acquired as against the canal, by mere length of possession whether with or without the permission of the company "so as to deprive the said company of its rights in or to said lands." Act of 1844, Ch. 287, approved and adopted by Act of Congress of September 20th, 1850.

It seems to be clear, then, that under the charter of the Canal Company, and the several Acts passed subsequent thereto, that the Canal Company holds a fee simple title to the lands by virtue of the condemnation under the Act, and are seized of the lands so taken as "an absolute estate in perpetuity." And is further provided by the Acts of 1844, Chapter 287 that no adverse or adversary possession shall be deemed nor held in law, "as an adverse possession" in and to the lands so acquired, so as to deprive the company of its rights in and to the lands so condemned, under the Act.

Whether the facts, if true, set up by the equitable plea will constitute a bar to the plaintiff's right of action, can be determined upon a new trial.

It follows that the Court below was in error, in overruling the plaintiff's demurrer to the defendants' equitable plea, so the judgment for the defendant was reversed and a new trial awarded, on the 12th day of June, 1912.

*Judgment reversed and a new trial awarded, with costs.*